# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RENE E. RODRIGUEZ,** | § | |
| **TDCJ No. 02307933,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-21-CA-01077-FB** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* petitioner Rene E. Rodriguez's petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 5) and respondent Bobby Lumpkin's Answer (ECF No. 10) thereto. Petitioner challenges the results of a prison disciplinary case he received for assaulting an inmate with a deadly weapon. Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(a). Petitioner is also denied a certificate of appealability.

## I. Background

Petitioner is currently incarcerated at the McConnell Unit of the Texas Department of Criminal Justice (TDCJ) as a result of two Bexar County convictions for possession of a controlled substance. *State v. Rodriguez*, Nos. 2019CR5265 and 2019CR13465 (144th Dist. Ct., Bexar Cnty., Tex. Feb. 6, 2020). On April 6, 2021, petitioner was found guilty in prison disciplinary case no. 20210142611 of fighting or assaulting an offender with a weapon that resulted in serious injury. (ECF No. 11-2 at 3-4.) As a result of this proceeding, petitioner (1)

lost 364 days of good-time credit, (2) lost 45 days of recreational privileges and 60 days of commissary privileges, and (3) had his line class reduced from S3 to L1.  *Id*.

Petitioner did not successfully appeal this determination through TDCJ's two-step grievance procedure.  While petitioner attempted to challenge the results of disciplinary case no. 20210142611 by filing a Step 1 grievance on April 28, 2021, this grievance was returned to him the same day because the time period for filing a grievance had expired.  (ECF No. 11-1 at 3-4).  Petitioner filed another Step 1 grievance the next day which was also returned to him for the same reason.  *Id*. at 7-8.

On November 9, 2021, petitioner executed the instant § 2254 petition challenging the results of his prison disciplinary proceeding.  (ECF No. 5 at 10).   In the § 2254 petition, petitioner raises the following allegations: (1) his due process rights were violated because he was denied the opportunity to call witnesses and review video evidence, the disciplinary case was the result of fraud and false evidence, no one had direct knowledge of the incident and no preliminary investigation was conducted, the hearing officer was biased, and he was denied his right to "freedom of association," (2) he was denied equal protection of the law because similarly situated cases were overturned, (3) the case was made in retaliation for his filing a grievance in a separate disciplinary case, and (4) the was insufficient evidence to support a finding of guilt.

## II.  Analysis

### A.   Exhaustion

Respondent first contends petitioner's allegations are unexhausted and procedurally barred from federal habeas corpus relief because petitioner failed to properly exhaust his administrative remedies.  (ECF No. 10 at 5).  Respondent is correct.

A state prisoner must generally exhaust all available state remedies before proceeding in federal court.  28 U.S.C. § 2254(b), (c).  Texas state courts will not entertain habeas corpus challenges to a prison disciplinary proceeding.  *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).  For this reason, inmates are not required to pursue habeas corpus relief in state court before filing a federal habeas petition challenging their disciplinary cases.  Instead, they are required to fully exhaust the prison grievance procedures before proceeding to federal court. *Gartrell v. Gaylor*, 981 F.2d 254, 258 (5th Cir. 1993).

TDCJ provides a two-step procedure for processing grievances and provides inmates with detailed instructions on how to file grievances.  *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004).  To do so, an inmate must complete both a Step 1 and Step 2 grievance in a timely manner in order to properly exhaust his administrative remedies.[1]   *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  A failure to present his grievances in a timely or procedurally correct manner will render an inmate's allegations unexhausted for purposes of federal habeas corpus review.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion requires that inmates comply with prison administrative rules).

Here, petitioner did not properly exhaust his administrative remedies because he did not file a timely Step 1 grievance.  Although petitioner's disciplinary hearing occurred on April 6, 2021, he did not submit his initial Step 1 grievance until April 28, 2021, well after the 15-day deadline set forth by TDCJ policy.  (ECF No. 11-1 at 3-4).  For this reason, petitioner's Step 1 grievance was returned to him without being reviewed on the merits.  *Id.* at 4.  Petitioner filed another Step 1 grievance the next day which was also returned to him for the same reason.  *Id.* at

---

[1]

 Specifically, an inmate must submit a Step 1 grievance within 15 days of his disciplinary hearing and/or disciplinary decision, and must submit a Step 2 grievance within 15 days from the date his Step 1 grievance was returned to him.  *See* TDCJ-CID Offender Orientation Handbook: http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf at 73-75 (February 2017), last visited January 31, 2023.

7-8.  Petitioner never filed a Step 2 grievance under TDCJ's policy.  As such, Petitioner failed to present his grievances in a procedurally correct manner and his claims are unexhausted.

Further, because any attempt to exhaust these claims now would be untimely under TDCJ rules, the claims are also procedurally barred from federal habeas corpus relief.  *See Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).[2]  Consequently, petitioner is precluded from federal habeas relief unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004).  Petitioner fails to make this showing.  Accordingly, because petitioner's allegations are unexhausted and procedurally defaulted, federal habeas corpus relief is denied.

Alternatively, petitioner's allegations are without merit regardless of his failure to exhaust all available remedies.  Under the AEDPA, relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) & § 2254(a).  As discussed below, petitioner fails to make this showing.

**B.      Due Process (Claims 1, 4)**

Petitioner challenges the results of disciplinary case no. 20210142611 and the resultant loss of 364 days of good-time credit, 45 days of recreational privileges, and 60 days of commissary privileges, as well as the reduction in his line class from S3 to L1.  According to petitioner, his due process rights were violated by, among other things, the lack of opportunity to

---

[2]      Several courts within the Fifth Circuit's jurisdiction have extended the procedural default doctrine to cases involving TDCJ's grievance process.  *See Gosselin v. Dir., TDCJ-CID*, No. 1:19-cv-584, 2021 WL 1305388 (E.D. Tex. 2021); *Richardson v. Lumpkin*, No. 6:21-CV-1, 2021 WL 7820362, at *2 (S.D. Tex. 2021); *Spann v. Dretke,* No. 3:03-CV-2849-D, 2005 WL 1406044 (N.D. Tex. 2005); *Moffatt v. Dir., TDCJ-CID*, 390 F. Supp. 2d 560, 563 (E.D. Tex. 2005).

present witnesses and evidence, fraudulent evidence presented against him, and the lack of a preliminary investigation.  He also contends the evidence against him was insufficient evidence to support a finding of guilt.  The record does not support these allegations.

      1.    Conditions of Confinement

To start, the Due Process Clause is not implicated by any changes to the conditions of petitioner's confinement.  In prison disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests.  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  These interests are generally limited to sanctions that affect the *quantity* of time served by a prisoner, not the condition.  *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  Thus, to state a valid claim for federal habeas corpus relief, petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

Because they will not affect the length of his sentence, petitioner's temporary loss of privileges and the reduction in his line classification do not implicate a protected liberty interest. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications"); *Madison*, 104 F.3d at 768 (holding that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns).  As such, there is no predicate for a habeas corpus or civil rights due process claim with regard to their loss.  *See Sandin*, 515 U.S. at 483-87 (prisoner's allegations he was placed in administrative segregation for thirty days for alleged violation of prison regulations did not amount to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and did not affect duration of his

sentence and thus did not amount to the deprivation of a protected liberty interest as a basis for a due process claim).

    2.    <u>Loss of Good-Time Credit</u>

On the other hand, petitioner *is* entitled to due process protections with regard to the loss of his good-time credits, as long as he is eligible for release on mandatory supervision. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007) (finding the mandatory supervision scheme in Texas "creates a constitutional expectancy of early release and, as such, a protected liberty interest in previously earned good-time credits."). Respondent concedes that petitioner is eligible for mandatory supervision release. (ECF No. 10 at 12). Thus, to the extent petitioner's due process claim challenges the loss of good-time credit, it presents a potentially valid claim for federal habeas corpus relief.

However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In connection with a disciplinary hearing, a prisoner is entitled to: (1) written notice of the charges at least 24 hours prior to the proceedings, (2) an opportunity to call witnesses and present documentary evidence, and (3) written findings in support of the ruling. *Id*. at 554-56; *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). There also must be "some evidence" in the record to support the disciplinary decision. *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004).

Here, the prison disciplinary records submitted by respondent confirm that petitioner received written notice of the disciplinary charge on March 26, 2021, more than 24 hours prior to the hearing. (ECF No. 11-2 at 13-14). The record also confirms that he was provided counsel substitute and the opportunity to present evidence and witnesses at the hearing, but that he chose

not to do so.  (ECF Nos. 11-2 at 4, 13-14).[3]  Finally, petitioner received a written statement of the evidence relied on by the disciplinary hearing officer and the reasons for the finding of guilt. (ECF No. 11-2 at 3-4).  As such, petitioner received all the process he was due at the disciplinary hearing. *See Wolff*, 418 U.S. at 555-56.

The record also indicates there was sufficient evidence to support the disciplinary decision.   Again, federal habeas review of the sufficiency of evidence in disciplinary determinations is extremely limited, and due process is satisfied when there is "some evidence" to support the disciplinary finding. *Richards*, 394 F.3d at 294; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") (citation omitted).  The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) ("Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer.").

In this case, the determination was supported by the offense report of the charging officer as well as the investigation conducted into the incident in question.  (ECF No. 11-2 at 3-14). During the investigation, the victim of the assault identified petitioner as one of his assailants. *Id*. at 8.  Accordingly, this constitutes sufficient evidence to support the hearing officer's finding of guilty.  Petitioner's due process and insufficient evidence claims are therefore denied.

## C.    <u>Retaliation</u> (Claims 2, 3)

Petitioner also contends that disciplinary case no. 20210142611 was brought against him as retaliation for filing a grievance in an unrelated previous case.  Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the

---

[3]

    This is confirmed by the audio CD recording of the disciplinary proceedings provided to the Court by respondent.

Constitution.  *See Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).  In the context of habeas corpus review of prison disciplinary proceedings, however, claims of retaliation are approached with skepticism, "lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."  *Id.* at 1166.  To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and establish that, but for the retaliatory motive, the complained of incident would not have occurred.  *Id.*

Petitioner fails to produce any direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred.  *Id.*  Instead, he presents only a single sentence alleging he was the subject of retaliation.  Yet, a prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusory allegations or his own personal beliefs.  *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  Indeed, conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal.  *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same).

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims.  Here, petitioner's allegation is conclusory, speculative, and unsupported by any evidence or facts.  "Absent evidence in the record," however, this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."  *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross*, 694 F.2d at 1011).  Thus, habeas relief is unavailable because the retaliation claim is conclusory.  *Ross*, 694 F.2d at 1011.

Similarly, vague and conclusory allegations of equal protection violations are insufficient to raise a valid equal protection claim.  Essentially, the Equal Protection Clause requires that similarly situated persons be treated alike.  *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  A prisoner must therefore allege or show that he was treated differently from other, similarly situated prisoners or demonstrate that the decision reached by prison officials was made without any rational basis due to illegitimate animus or ill-will.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Petitioner makes no such showing.  Instead, petitioner contends in one sentence that his equal protection rights were violated because other similarly situated cases were overturned or thrown out, he was "singled out," and that others involved in the incident were not charged.  Again, petitioner's allegations are conclusory, speculative, and unsupported by any evidence or facts.  Thus, habeas relief is unwarranted.  *Ford*, 910 F.3d at 235; *Ross*, 694 F.2d at 1011.

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).[4]  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition

---

[4]      The Court is authorized to address the propriety of granting a COA *sua sponte*.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484).  In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

After thoroughly reviewing the record and applicable law, this Court concludes that reasonable jurists would agree petitioner's claims for habeas relief do not satisfy the standard for obtaining a COA.  Petitioner has failed to make a substantial showing of the denial of a federal right or demonstrate that reasonable jurists could debate whether his petition should be resolved in a different manner.  Accordingly, a COA will not issue.

## IV.  <u>Conclusion and Order</u>

After careful consideration, the Court concludes that petitioner's allegations are unexhausted and procedurally barred from federal habeas review.  Alternatively, even assuming the procedural default doctrine does not apply in this case, the allegations lack merit and do not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and petitioner Rene E. Rodriguez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 2nd day of February, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE